```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
IVAN BENJAMIN,                                              :
                                                            :
                                   Plaintiff,               :
                                                            :
                  v.                                        :
                                                            :
CITY OF NEW YORK, et al.,                                   :
                                                            :
                                   Defendants.              :
                                                            :
----------------------------------------------------------- X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: April 13, 2015

15 Civ. 2220 (KPF)

OPINION AND ORDER

KATHERINE POLK FAILLA, District Judge:

On March 24, 2015, Plaintiff initiated the instant action under 42 U.S.C. § 1983 and New York State law, alleging claims of assault, battery, and the use of excessive force. It is undisputed that all of the events giving rise to Plaintiff's claims occurred in Queens County or Nassau County, that Plaintiff resides in Queens County, and that the individual Defendant works in Queens County. For the reasons set forth in this Opinion, the Court *sua sponte* transfers this case to the United States District Court for the Eastern District of New York.

## BACKGROUND

### A.  Factual Background

The Complaint ("Compl.") (Dkt. #1) alleges, in relevant part, that on the evening of July 24, 2014, Plaintiff was driving with his fiancée and her daughter in the vicinity of 225th Street and North Conduit Avenue, Queens, New York, when members of the New York City Police Department (the "NYPD")

from Patrol Borough Queens South stopped his vehicle. (Compl. ¶¶ 6, 15).[1] Plaintiff further alleges that he did not resist arrest, but that officers nonetheless pulled him out of his car, punched him in the head, took him to the ground, and then struck him in the head with a blunt object. (*Id.* at ¶¶ 16-18). Plaintiff was transported to the 105th Precinct in Queens; from there, he was brought by ambulance first to Long Island Jewish Hospital and subsequently to North Shore University Hospital in Manhasset. (*Id.* at ¶¶ 19-20, 22). Plaintiff alleges that he suffered, among other things, seizures as a result of the July 24 incident; he was treated for this and other medical conditions on October 5, 2014, at Jamaica Hospital Medical Center. (*Id.* at ¶ 25).

**B.   The Instant Action**

Plaintiff initiated this action in the Southern District of New York against the City of New York and several NYPD officers on March 24, 2015. (Dkt. #1). On March 26, 2015, this Court issued an Order requiring the parties to explain why this case should proceed in the United States District Court for the Southern District of New York, rather than in the United States District Court for the Eastern District of New York. (Dkt. #4). On April 1, 2015, Plaintiff submitted a letter indicating why venue was proper in this Court, and also requesting expedited discovery. (Dkt. #5). On April 8, 2015, Defendants

---

[1]   The City is a municipal corporation organized under the laws of the State of New York, and operates the NYPD in all five boroughs of the City, two of which fall within the Southern District of New York and three of which fall within the Eastern District of New York. Queens is in the Eastern District of New York.

submitted a letter in support of a transfer to the Eastern District of New York. (Dkt. #8).

## DISCUSSION

### A. Applicable Law

Courts have discretion to transfer a case *sua sponte* under 28 U.S.C. § 1404. *See Barnet* v. *Elan Corp.*, 236 F.R.D. 158, 164 (S.D.N.Y. 2005) ("Although a transfer pursuant to § 1404(a) is typically premised on the motion of a party, the statute is broad enough that a court can transfer a case on its own initiative." (citing *Lead Indus. Ass'n, Inc.* v. *Occupational Safety and Health Admin.*, 610 F.2d 70, 79 n.17 (2d Cir. 1979))). Ordinarily, "[a] court may *sua sponte* transfer an action under 28 U.S.C. § 1404(a)" only "after giving both parties notice and an opportunity to be heard." *Bona* v. *Barasch,* No. 01 Civ. 2289 (MBM), 2003 WL 1395932, at *36 (S.D.N.Y. Mar. 20, 2003), *reconsidered on other grounds sub nom. Martinez* v. *Barasch*, No. 01 Civ. 2289 (MBM), 2004 WL 1555191 (S.D.N.Y. July 12, 2004). Here, it is proper to consider a *sua sponte* transfer because the Court gave the parties notice of its intention to transfer venue in the March 26, 2015 Order, and permitted each party to be heard on the topic. (*See generally* Dkt. #5, 8).

In determining whether transfer to another district is appropriate, courts generally consider the following non-exhaustive list of factors:

> [i] the convenience of witnesses, [ii] the convenience of the parties, [iii] the locus of operative facts, [iv] the availability of process to compel the attendance of unwilling witnesses, [v] the location of relevant documents and the relative ease of access to sources of proof, [vi] the relative means of the parties, [vii] the

> forum's familiarity with the governing law, [viii] the weight accorded the plaintiff's choice of forum, and [ix] trial efficiency and the interest of justice, based on the totality of the circumstances.

*Dealtime.com Ltd.* v. *McNulty*, 123 F. Supp. 2d 750, 755 (S.D.N.Y. 2000). At the same time, "[t]here is no rigid formula for balancing these factors and no single one of them is determinative." *Larew* v. *Larew*, No. 11 Civ. 5771 (BSJ) (GWG), 2012 WL 87616, at *3 (S.D.N.Y. Jan. 10, 2012) (internal quotation marks and citations omitted). The location of counsel is not ordinarily entitled to any weight in this analysis. *See, e.g., McGraw-Hill Cos. Inc.* v. *Jones*, No. 12 Civ. 7085 (AJN), 2014 WL 988607, at *9 (S.D.N.Y. Mar. 12, 2014) ("the location of counsel is typically not considered"); *Azari* v. *B & H Photo Video*, No. 06 Civ. 7825 (DLC), 2007 WL 13101, at *3 (S.D.N.Y. Jan. 3, 2007) (stating that "the location of counsel, however, is not a consideration in a motion to transfer venue").

**B.     Application**

Plaintiff proffers the following reasons for bringing the case in this District: (i) the attorneys for all parties have offices located in Manhattan; (ii) police officers will purportedly need to travel to Manhattan for interviews with counsel; (iii) "all police document requests will go through 1 Police Plaza," which is located in Manhattan; (iv) Plaintiff believes his experts will be Manhattan-based; (v) Plaintiff's witnesses, including his severely ill fiancée, prefer traveling from Queens to Manhattan than to Brooklyn; and (vi) Plaintiff is unable to drive due to his medical condition, which fact purportedly (but

4

with no explanation) counsels in favor of keeping the case in this District. (Dkt. #5 at 1-2).

The first issue to address is the weight to be accorded Plaintiff's choice of forum. As a general matter, "a plaintiff's choice of forum should not be disturbed unless the balance of the factors tips heavily in favor of a transfer." *Rush* v. *Fischer*, 923 F. Supp. 2d 545, 556-57 (S.D.N.Y. 2013) (internal quotation marks and citations omitted); *see also Lykes Bros. Steamship Co.* v. *Sugarman*, 272 F.2d 679, 681 (2d Cir. 1959) ("[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." (internal quotation marks omitted)). "The plaintiff's choice is entitled to less deference, however, where the forum is not the plaintiff's home and the cause of action did not arise in the forum." *Legrand* v. *City of New York*, No. 09 Civ. 9670 (DLC), 2010 WL 742584, at *2 (S.D.N.Y. Mar. 3, 2010) (collecting cases); *see also Dunston* v. *N.Y.C. Police Dep't*, No. 10 Civ. 8117 (RJS), 2010 WL 5065903, at *3 (S.D.N.Y. Dec. 7, 2010) (same). Overall, "[d]istrict courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." *D.H. Blair & Co., Inc.* v. *Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) (citing *In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 117 (2d Cir. 1992)).

To begin with, because Plaintiff resides in Queens County and all events giving rise to this action occurred in Queens or Nassau County, Plaintiff's choice of venue is afforded less deference. *See Legrand*, 2010 WL 742584, at

\*2-3 (granting motion to transfer venue "because the defendant police officers were and are assigned to a precinct in Brooklyn, the plaintiff is a resident of Brooklyn, and all the events giving rise to the plaintiff's claims occurred in Brooklyn"; noting that "[b]ecause the plaintiff resides in the Eastern District of New York and the events occurred there, the plaintiff's choice is entitled to less deference than it would otherwise receive"); *Dunston*, 2010 WL 5065903, at \*3 (transferring venue to the Eastern District of New York where "it is undisputed that all of the relevant events alleged in the Complaint occurred in the Eastern District of New York" and the individual officer defendants were assigned to precincts in the Eastern District of New York).

What was suspected after the Court's initial review of the Complaint has been confirmed by the parties' submissions: This case has no connection to the Southern District of New York. Plaintiff resides in Queens County. (Compl. ¶ 3). The events giving rise to this action took place in Queens County and — if one includes Plaintiff's hospital visits — in Nassau County. (*See id.* ¶¶ 15-25). Finally, the police officer Defendant identified in the Complaint was assigned to a precinct in Queens County.[2]

Given the proximity of the Southern District of New York and the Eastern District of New York, the balance of factors weighs in favor of transferring venue, including, for example, because: (i) the Eastern District will likely be *more* convenient for witnesses (including witnesses at the 105th Precinct or at

---

[2] "In a suit against public officials, residence for the purpose of venue is where the officials perform their duties." *Legrand*, 2010 WL 742584, at \*4 n.1 (citing *Cain* v. *N.Y. State Bd. of Elections*, 630 F. Supp. 221, 225 (E.D.N.Y. 1986)).

any of the hospitals Plaintiff visited); (ii) the operative facts occurred in the Eastern District; and (iii) any documentary evidence can be obtained in both Districts. The forum's familiarity with the governing law is well-established, as is the availability of process. The Court finds that based upon the totality of the circumstances, it is in the interests of justice to transfer the case to the Eastern District of New York.

The Court has taken into account Plaintiff's assertion that he, as well as one of his witnesses, suffers from various medical conditions that make travel difficult. The Court is sympathetic to this issue, and has considered the convenience of the parties and witnesses in making the decision to transfer this case. However, as Defendants note, the courthouse in Manhattan and the courthouse in Brooklyn are separated by only four subway stops (Dkt. #8 at 5), which substantially limits the hardship faced by any of the parties in maintaining this action in the Eastern District of New York rather than in the Southern District of New York.

## CONCLUSION

For the reasons stated herein, this case is hereby TRANSFERRED to the Eastern District of New York. Plaintiff's request for expedited discovery is DENIED WITHOUT PREJUDICE.

SO ORDERED.

Dated: April 13, 2015
New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge